## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

      **Plaintiff,**

**vs.**                            **Case No. 4:15cv621-RH/CAS**

**CATHARINE ROBINSON,**

      **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed three more cases (case numbers 4:15cv620, 4:15cv621, and 4:15cv622) after the recent dismissal of his prior thirteen cases which were dismissed by this Court in December 2015.[1]  Plaintiff has once again filed a § 1983 civil rights complaint, ECF No. 1, a motion requesting leave to proceed in forma pauperis, ECF No. 2, and a motion requesting the appointment of counsel, ECF No. 3.

---

[1] The cases recently dismissed are: 4:14cv332; 4:15cv61; 4:15cv82; 4:15cv83; 4:15cv85; 4:15cv86; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv117; and 4:15cv119.  Five other cases were dismissed in March 2015: 4:15cv76; 4:15cv80; 4:15cv84; 4:15cv87; and 4:15cv116.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, divorced with two children, and regularly receives money from family or friends to pay the utility bill and, presumably, for food and clothing.  ECF No. 2.  Good cause having been shown, Plaintiff's in forma pauperis motion, ECF No. 2, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as required by the local rules of this Court.  N.D. Fla. Loc. R. 5.7(A).  Nevertheless, the complaint has been reviewed to determine whether service should be directed, an amended complaint should be filed, or the case should be dismissed as insufficient to state a claim.

Plaintiff's complaint alleges that on May 18, 2015, Defendant Catharine Robinson "sent a police officer" to his residence to advise him that his utilities would be turned off because of an unpaid balance.  ECF No. 1 at 2.  Plaintiff told the police officer that he had an appointment with Community Action, and he also told the utility worker who arrived at his residence about his upcoming appointment.  Defendant Robinson said "she wanted [his] lights off" and the utility worker did as instructed.  *Id.*

Plaintiff went to Community Action and worked with Linda Smith to get his utilities reconnected.  Defendant Robinson said that she needed the paperwork by 2:00 p.m. and Plaintiff contends he delivered it to her office at 1:30 p.m.  Despite having the paperwork, Defendant Robinson called Plaintiff at approximately 5:00 p.m. and said his utilities would not be reconnected until she received "something else from Community Action and it could take up to 3 days before" his utilities would be restored. Plaintiff contends it was "hot" and he "had to live without light until Catherine Robinson wanted to turn [his] lights back on!"  *Id.*  Plaintiff contends Defendant Robinson's actions were retaliatory and violated his civil rights and he seeks unspecified monetary damages.  *Id.* at 2.

The complaint presents no factual alleges to support a First Amendment claim for retaliation.  That claim is insufficient and must be dismissed.  Furthermore, Plaintiff presents no other facts which suggest his civil rights were violated.  Plaintiff's complaint indicates he had an unpaid balance because he sought the assistance of Community Action.  It is not unlawful for a city utility department to disconnect services for unpaid utilities.  Delay in reconnecting services is inconvenient, but it is not unconstitutional.  There is nothing unlawful about the events alleged and this case should be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED** and the Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and all other pending motions[2] be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2016.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Plaintiff filed a motion requesting the appointment of counsel, ECF No. 3, at the same time he filed the complaint.  It is possible that Plaintiff may submit additional motions prior to the time a ruling is entered on this Report and Recommendation.